**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FELIPE CARALAMPIO, MOISES CRUZ, and LUISA RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated,** <br><br> **Plaintiffs,** <br><br> -against- <br><br> **272 SMITH LLC, SHEEKY INC. d/b/a CUBANA CAFE, DANFORTH HOULE, ARMANDO RUEDA and JEAN-LUC LOPEZ, Jointly and Severally,** <br><br> **Defendants.** | **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs Felipe Caralampio, Moises Cruz, and Luisa Rodriguez (together, the "Plaintiffs"), individually and on behalf of all others similarly situated, as collective representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former restaurant employees at Defendants' Cuban restaurant located in the Carroll Gardens neighborhood of Brooklyn.

2.      For their work, Plaintiffs were paid either by "day rate" or on a purported weekly salary basis, yet, regardless of the manner in which they were paid, they did not receive at least minimum wage for all hours worked.  Additionally, despite the fact that Plaintiffs were required to work well in excess of forty (40) hours per week, Plaintiffs were not paid overtime premiums for hours worked over forty (40).

3.      Plaintiffs also did not receive spread-of-hours premiums when they worked shifts of ten (10) or more hours per day, did not receive the full amount of gratuities left by customers for their service, and did not receive proper wage notices and wage statements.

4.      Plaintiffs bring this action to recover unpaid minimum wage and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiffs also bring claims for unpaid spread-of-hours premiums, unlawful withholding of gratuities, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

5.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9.      Plaintiff Felipe Caralampio ("Caralampio") was, at all relevant times, an adult individual residing in Kings County, New York.

10.      Plaintiff Moises Cruz ("Cruz") was, at all relevant times, an adult individual residing in Kings County, New York.

11.      Plaintiff Luisa Rodriguez ("Rodriguez") was, at all relevant times, an adult individual residing in Kings County, New York.

12.      During the relevant time period, Plaintiffs performed work for Defendants in their Cuban café/restaurant "Cubana Café" located at 272 Smith Street, Brooklyn, New York 11231.

13.      Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**<u>Defendants</u>:**

14.     272 Smith LLC is an active New York Corporation with its principal place of business at 272 Smith Street, Second Floor, Brooklyn, New York 11231.

15.     Sheeky, Inc. is an active New York Corporation with its principal place of business at 272 Smith Street, Brooklyn, New York 11231.

16.     272 Smith LLC and Sheeky, Inc. are hereinafter referred to collectively as "Cubana Café" or the "Corporate Defendants."

17.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FSLA.

18.     At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies.

19.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs.

20.     Upon information and belief, throughout the relevant time period, Defendant Danforth Houle ("Houle") has been an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

21.     According to their filings with the New York State Department of State, Division of Corporations, Defendant Houle is listed as the contact person for DOS Process.

22.     Upon information and belief, throughout the relevant time period, Defendant Armando Rueda ("Rueda") has been an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

23.     According to their filings with the New York State Department of State, Division of Corporations, Defendant Rueda is listed as the contact person for DOS Process and the Chief

Executive Officer.

24.     Upon information and belief, throughout the relevant timer period, Jean-Luc Lopez ("Lopez" and collectively with Houle and Rueda, the "Individual Defendants" and, together with the Corporate Defendants, the "Defendants") has been an owner and operator of the Corporate Defendants who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

25.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Corporate Defendants' other similarly situated employees, and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

26.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

27.     At all relevant times, Plaintiffs  were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

28.     Upon information and belief, at all relevant times, the Corporate Defendants has had gross revenues in excess of $500,000.00.

29.     At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these

goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATION

30.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second

Causes of Action as a collective action under the FLSA on behalf of themselves and the following

collective:

> All persons employed by Defendants at any time since January 23,
> 2015 and through the entry of judgment in this case (the "Collective
> Action Period") who worked as non-management employees (the
> "Collective Action Members").

31.     A collective action is appropriate in this circumstance because Plaintiffs and the

Collective Action Members are similarly situated, in that they were all subjected to Defendants'

illegal policies of failing to pay minimum wages for all hours worked and overtime premiums for

work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiffs

and the Collective Action Members did not receive the legally-required minimum wage for all

hours worked and overtime premium payments for all hours worked in excess of forty (40) hours

per week.

32.     Plaintiffs and the Collective Action Members have substantially similar job duties

and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

**Defendants' Restaurant**

33.     At all relevant times, Defendants have been in the food service business.

34.     Upon information and belief, throughout the relevant time period, the Individual

Defendants have owned, operated, and managed Cubana Café located at 272 Smith Street,

Brooklyn, New York 11231.

35.     In addition to the Cubana Café located at 272 Smith Street, Defendants have also

owned and operated Cubana Café located at 80 6th Avenue, Brooklyn, NY 11217 and Café Luluc, located at 214 Smith Street, Brooklyn, NY 11201.

36.      Upon information and belief, 272 Smith LLC owns the premises where the Cubana Café at 272 Smith Street is located.

37.      Upon information and belief, the Corporate Defendants are located at the same address, managed by the same person(s), and share resources and personnel.

38.      Upon information and belief, Defendants share employees among their restaurants and employ all of their restaurant employees pursuant to the same pay practices and policies.

39.      Upon information and belief, Defendants operate their restaurants through common management, ownership and financial control.

40.      The Individual Defendants are a constant presence at Cubana Café and take an active role in ensuring that the restaurant is run in accordance with their procedures and policies.

**Plaintiffs' Work for Defendants**

41.      **Plaintiff Felipe Caralampio** worked for Defendants at Cubana Café as a dishwasher, food prep, and delivery employee from in or around April 2016 through in or around September 2017 (the "Caralampio Employment Period").

42.      Throughout the Caralampio Employment Period, Caralampio generally worked six (6) days per week, with either Tuesdays or Saturdays off.  During Mondays and Tuesdays, Plaintiff Caralampio typically worked from approximately 8:00 am to approximately 12:00 am, fourteen (14) hour shifts, and sometimes later until the café was closed.  On those days, Caralampio worked as a dishwasher and food prep from approximately 8:00 am to approximately 4:30 pm and a delivery employee from approximately 4:30 pm to approximately 12:00 am (or later).  On Wednesdays through Sundays, Plaintiff Caralampio typically worked from approximately 8:00 am

to between approximately 4:30 pm and 5:00 pm, for a total of approximately sixty-two (62) to sixty-four (64) hours per week.

43.     For his work, throughout the Caralampio Employment Period, Caralamapio was paid five hundred dollars ($500.00) per week, plus an additional twenty dollars ($20.00) for each shift in which he performed deliveries.

44.     Throughout the Caralampio Employment Period, Caralampio was paid his wages each week entirely in cash, without a pay stub or any other statement that provided details of the hours worked during the week or his pay rate.

45.     **Plaintiff Moises Cruz** worked for Defendants at Cubana Café as a busser, food prep, and bar back employee from in or around June 2016 through in or around August 2017 (the "Cruz Employment Period").

46.     Throughout the Cruz Employment Period, Cruz generally worked six (6) days per week, with Sundays off.  At the beginning of the Cruz Employment Period, in or around June 2016, for a period of approximately one (1) month, Plaintiff Cruz worked seven (7) days per week. At least one day per week, usually on weekends when the café was extremely busy, Plaintiff Cruz worked from approximately 8:00 am to approximately 12:00 am, a fourteen (14) hour shift.  On the remaining five (5) or six (6) days of his work week, Plaintiff Cruz typically worked from approximately 4:00 pm to approximately 12:00 am, and sometimes later until the café was closed, for a total of approximately fifty-four (54) hours per week. During the period Plaintiff worked seven (7) days per week, he typically worked approximately sixty-two (62) hours per week, and sometimes more.

47.      For his work, throughout the Cruz Employment Period, Cruz was paid sixty dollars ($60) per day, plus tips, regardless the number of hours he actually worked during a given day or

week.  Throughout the Cruz Employment Period, at the end of each week, Cruz typically received his wages at the "day rate," plus tips that fluctuated between sixty to eighty dollars ($60.00 - $80.00) per week.

48.     Throughout the Cruz Employment Period, Cruz was paid his wages each week entirely in cash, without a pay stub or any other wage statement that provided details of the hours worked during the week or his hourly pay rate.

49.     **Plaintiff Luisa Rodriguez** worked for Defendants at Cubana Café as a server, bartender, busser, and hostess from in or around November 2016 through in or around August 2017 (the "Rodriguez Employment Period").

50.     At the beginning of the Rodriguez Employment Period, for a period of a few weeks, Rodriguez worked three (3) days per week.  After that initial period of a few weeks, Plaintiff Rodriguez generally worked seven (7) days per week.  In or around July 2017, during the last two (2) to three (3) weeks of her employment, Rodriguez worked only six (6) days per week with Fridays off.  Plaintiff Rodriguez typically worked Monday to Friday from approximately 4:00 pm to between approximately 12:00 am and 1:00 am, or until the last client left the restaurant.  On Saturdays and Sundays, Rodriguez worked from approximately 8:00 am to approximately 5:00 pm, for a total of approximately fifty-eight (58) to sixty-two (62) hours per week.   During the last few weeks of her employment, Rodriguez worked fifty (50) to fifty-four (54) hours per week.

51.     For her work, throughout the Rodriguez Employment Period, Rodriguez was paid eighty dollars ($80) per day, plus tips. At the end of each week, Rodriguez typically received her wages at the "day rate," plus tips that fluctuated between one hundred and twenty and one hundred and fifty dollars ($120.00 - $150.00) per week.  .

52.     Throughout the Rodriguez Employment Period, Rodriguez was paid her wages

every week entirely in cash, without a pay stub or any other wage statement that provided details of the hours worked during the week or her hourly pay rate.

**Defendants' Unlawful Corporate Policies**

53.     Plaintiffs and the Collective Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wage, overtime premiums, spread-of-hours premiums and failing to provide proper wage statements and wage notices.

54.     Defendants did not provide Plaintiffs or the Collective Action Members with proper wage notices at the time of hire or by February 1 of each year.

55.     Despite the fact that Plaintiffs and the Collective Action Members typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) times their regular hourly rate.

56.     Despite the fact that Plaintiffs and the Collective Action Members regularly worked shifts in excess of ten (10) hours and/or split shifts, Defendants failed to pay Plaintiffs and Collective Action Members spread-of-hours premiums consisting of one (1) extra hour of minimum wage for each day when they worked in excess of ten (10) hours per day.

57.      Defendants unlawfully withheld a portion of the gratuities left by customers for the Plaintiffs and Collective Action Members.  None of the tip-eligible employees were provided with a record or any other kind of information about how much in tips were made during each work week or the amount that was to be distributed among the employees.  Defendants did not permit Plaintiffs and Collective Action Members to be involved in the distribution of the tips.

58.     Throughout the relevant time period and continuing until today, Defendants have failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

59.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 206 and 215 (a)(2).

61.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

63.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

66. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Opt-In Plaintiffs)**

76. Plaintiffs, on behalf of themselves and the Opt-In Plaintiffs, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. Defendants willfully violated Plaintiffs and the Opt-In Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

78. Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Opt-In Plaintiffs to suffer loss of wages and interest thereon.  Plaintiffs and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS**
**(Brought on Behalf of Plaintiffs and the Opt-In Plaintiffs)**

79.     Plaintiffs, on behalf of themselves and the Opt-In Plaintiffs, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.     Defendants willfully violated Plaintiffs' and the Opt-In Plaintiffs' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Opt-In Plaintiffs worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

81.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Opt-In Plaintiffs to suffer loss of wages and interest thereon.  Plaintiffs and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Opt-In Plaintiffs)**

82.     Plaintiffs, on behalf of themselves and the Opt-In Plaintiffs, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendants have willfully failed to supply Plaintiffs and the Opt-In Plaintiffs notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Opt-In Plaintiffs as their primary language, containing Plaintiffs' and the Opt-In Plaintiffs' rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84.     Due to Defendants' violations of the NYLL, Plaintiffs and the Opt-In Plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SIXTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>**
**(Brought on Behalf of Plaintiffs and the Opt-In Plaintiffs)**

85.     Plaintiffs, on behalf of themselves and the Opt-In Plaintiffs, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Defendants have willfully failed to supply Plaintiffs and the Opt-In Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87.     Due to Defendants' violations of the NYLL, Plaintiffs and Opt-In Plaintiffs are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNLAWFUL WITHHOLDING OF GRATUITIES
### (Brought on Behalf of Plaintiffs and the Opt-In Plaintiffs)

88.     Plaintiffs, on behalf of themselves and the Opt-In Plaintiffs, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants have willfully failed to compensate Plaintiffs and the Opt-In Plaintiffs all gratuities earned by withholding a portion of the tips from the tip-eligible employees, in violation of § 196-d of the New York Labor Law. Accordingly, Defendants are required to compensate Plaintiffs and the Opt-In Plaintiffs for all gratuities withheld by Defendants.

90.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of compensatory damages as a result of the Defendants' willful failure to pay

spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

h.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i.  An award of fifty dollars ($50) per Plaintiff and each of the Opt-In Plaintiffs for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Opt-In Plaintiffs as provided for by NYLL, Article 6 § 198(1-b);

j.  An award of two hundred fifty dollars ($250) per Plaintiff and each of the Opt-In Plaintiffs  for each workweek that the violations of NYLL, Article 6 § 195(3) pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Opt-In Plaintiffs as provided for by NYLL, Article 6 § 198(1-d);

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
     January 23, 2018

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs and the putative*
*FLSA Collective*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Café Cubana y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
Felipe Caralampio Garcia
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Café Cubana y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Café Cubana y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en  juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío.  Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


_Luisa Rodriguez_
Firma

_Luisa Rodriguez_
Nombre Escrito